USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]  United States Court of Appeals For the First Circuit  No. 97-2118 ZORAIDA CRUZ-CAJIGAS, Plaintiff, Appellant,  v.  COMMISSIONER OF SOCIAL SECURITY, Defendant, Appellee.  APPEAL FROM THE UNITED STATES DISTRICT COURT  FOR THE DISTRICT OF PUERTO RICO  [Hon. Hector M. Laffitte, U.S. District Judge]   Before  Boudin, Stahl and Lynch, Circuit Judges.  Melba N. Rivera-Camacho and Melba N. Rivera Camacho & Assocs.on brief for appellant. Honorable Guillermo Gil, United States Attorney, LilliamMendoza Toro, Assistant United States Attorney, and Donna McCarthy,Assistant Regional Counsel, Social Security Administration, Officeof the General Counsel, on brief for appellee.June 18, 1998 Per Curiam. Appellant Zoraida Cruz Cajigas ("Cruz") appeals from the district court's judgment upholding the denial of her application for Social Security disability benefits. We remand for further consideration consistent with this opinion.  In October 1993, Cruz filed an application for disability benefits, based on pinched nerves in her hands, neck pain, lower back pain radiating to her leg, and muscle spasms.  In support of her claim, she submitted medical records dating from April 1993 to June 1994 showing her treatment for back and neck pain and muscle spasms. Her application was denied initially in April 1994 and on reconsideration in August 1994.  At a hearing before an administrative law judge ("ALJ"), Cruz testified about her various impairments and symptoms and submitted medical evidence showing that she had had carpal tunnel surgery in October 1994. The ALJ concluded that Cruz was not disabled. In addition to other medical evidence, he relied on a residual functional capacity ("RFC") assessment by a nonexamining consulting physician, which had been based on the medical evidence relating to Cruz's back and neck condition. While this physician believed that Cruz could perform medium exertional work, the ALJ partially credited her testimony at the hearing, determining that she could only perform the exertional requirements of light unskilled work. He stated that Cruz could not perform her past work of sewing shoes by hand "due to the good manual dexterity requirements of the job." Citing the Medical-Vocational Guidelines as a framework for his decision, he concluded that Cruz was not disabled, stating that "[m]ost light work does not require good manual dexterity[.]" The Appeals Council denied review and Cruz filed an action in federal district court seeking review of the ALJ's decision. Her primary contention was that substantial evidence did not support the determination that she could do light work.  Concluding that substantial evidence supported the denial of benefits, the district court affirmed the decision, and Cruz appealed to this court. On appeal, she again asserts principally that substantial evidence did not support the ALJ's determination that she could perform light work. We think the district court correctly rejected that claim as it related to the back and neck condition. While there was medical evidence on that condition which might have supported a determination that Cruz was disabled, there was also medical evidence which would support a different conclusion. For example, while a physician who had treated Cruz for her back and neck pain had expressed the opinion that, exertionally, she was "severely limited," the Commissioner's consulting physician had determined, after reviewing her medical record, that she could perform medium work. Since the treating physician had treated Cruz for only several months and had not considered the diagnostic examinations, showing an essentially normal spine and extremities, which had been considered by the consulting physician, we cannot say that the ALJ unreasonably discounted the treating physician's functional assessment.  Nonetheless, we are troubled by one aspect of this case: the apparent determination by the ALJ that Cruz lacked good manual dexterity, but could perform light unskilled work.  Cruz did not squarely present this issue for our consideration, as clearly as she could have, but she did object that the consulting physician had not considered her carpal tunnel syndrome in assessing her RFC, and she did assert that the ALJ's determination that she could no longer perform her prior light work of sewing shoes by hand conflicted with his determination that she could perform other light work. Since disability proceedings are nonadversarial, we give her the benefit of the doubt on this point and conclude that her arguments suffice to preserve this issue for our review.  Unfortunately, as the record now stands, it is hard to evaluate this potentially significant claim. As indicated, the ALJ apparently found that Cruz lacked good manual dexterity, but he did not explain why this was so, and the evidence of record on that issue is limited and equivocal. At the hearing, Cruz submitted medical evidence showing her surgery for carpal tunnel syndrome, a condition which apparently arose only after the Commissioner had a consulting physician examine her relative to her other impairments and after the Commissioner had solicited an RFC assessment of those other impairments. By itself, the evidence of past carpal tunnel surgery is inconclusive and may or may not point to a dexterity problem. If credited, however, Cruz's hearing testimony might support a conclusion of inadequate hand dexterity. If Cruz has a loss in dexterity, it could affect her ability to perform light unskilled work. See Soc. Sec. Rul. 83-14 ( "many" unskilled light jobs require the gross use of the hands to grasp, hold and turn objects); Soc. Sec. Rul. 85-15 (the ability to work with the whole hand, e.g., to seize, hold, grasp and turn, is required in almost all jobs).  In the absence of subsidiary findings by the ALJ, we are therefore uncertain about the extent of the dexterity problem perceived by the ALJ and whether it would in fact permit Cruz to perform light unskilled work. Lest there be any injustice, we think it appropriate to remand to the ALJ for further consideration and explanation, including, in the ALJ's discretion, the taking of further medical evidence and testimony by a vocational expert, should the degree of impairment warrant it. Our remand intimates no opinion as to what the outcome should be: the ALJ remains free to determine, after further consideration consistent with this opinion, that Cruz's hand condition is not disabling. We remand solely to permit further consideration of, and explanation concerning, this narrow issue, which lacked adequate development, having arisen after the Commissioner had obtained medical evidence and evaluations on Cruz's other impairments. The decision of the district court is vacated and the district court is directed to enter an order remanding the case to the Commissioner of Social Security for further proceedings in accordance with this opinion.